IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JOSEPH CHANCE SLATER, : <br> : <br> Plaintiff, : <br> : <br> V. : <br> : <br> THOMAS COUNTY : <br> SHERIFF'S OFFICE, *et al.*, : <br> : <br> Defendants. : <br> _____: | NO. 7:21-cv-00082-WLS-TQL |

## ORDER OF DISMISSAL

Plaintiff Joseph Chance Slater, a prisoner in the Thomas County Jail in Thomasville, Georgia, filed a complaint seeking relief under 42 U.S.C. § 1983. Compl., ECF No. 1. He also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Thereafter, Plaintiff was ordered to file a certified copy of his prison trust fund account statement for the preceding six months so that the Court could properly evaluate his motion for leave to appeal *in forma pauperis*. Order, ECF No. 4. Plaintiff was given twenty-one days to file his account statement and was cautioned that his failure to do so could result in the dismissal of this action.

More than twenty-one days passed following entry of the order to file the certified account statement, and Plaintiff did not file his account statement or otherwise respond to that order. Accordingly, Plaintiff was ordered to show cause to the Court why this case should not be dismissed based on his failure to file his certified account statement. Order to Show Cause, ECF No. 6. Plaintiff was again given twenty-one days to respond and was

cautioned that his failure to do so would result in the dismissal of this case.

More than twenty-one days have now passed since the order to show cause was entered, and Plaintiff has not responded to that order. Thus, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute this case, the complaint is now **DISMISSED WITHOUT PREJUDICE.** See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))).

**SO ORDERED**, this ___8th___ day of February, 2022.

_____
**W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT**